**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard David Shumpert,<br><br>        Plaintiff,<br>vs.<br><br>Ryyan Knupp, et al.,<br><br>        Defendants. | No. CV-08-8048-PCT-PGR<br><br>ORDER |

    The defendants removed this action on April 23, 2008 solely on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  Having reviewed the defendants' Notice of Removal of Civil Action to determine if subject matter jurisdiction exists in this Court, the Court finds that the notice of removal is facially deficient because it fails to properly allege the existence of diversity of citizenship jurisdiction.[1]

    As the Supreme Court has long since, and repeatedly, made clear,

> [t]he established rule is that a plaintiff [or removing defendant], suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect

---

[1] The defendants are advised that the complete capitalization of the parties' names in the caption of the Notice of Removal of Civil Action violates LRCiv 7.1(a)(3).

> called to its attention or on discovering the same, must dismiss [or remand] the case, unless the defect be corrected by amendment.

Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926); accord, Rilling v. Burlington Northern Railroad Co., 909 F.2d 399, 400 (9th Cir. 1990). The defendants have not met their jurisdictional pleading burden because the notice of removal fails to affirmatively set forth the facts necessary for the Court to determine the citizenship of any party.[2]

First, the jurisdictional allegations regarding the plaintiff and defendant Knupp are deficient because the notice of removal merely states that the plaintiff is "a resident of the State of Texas" and that Knupp is "a resident of the State of Arizona in Mohave [C]ounty." Allegations of residency are insufficient as a matter of law under 28 U.S.C. § 1332 because, as the Supreme Court has also repeatedly made clear,

> [i]t has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction.

Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905); cf., Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ...

---

[2] The Court notes that if the removing defendants are in fact citizens of Arizona, then removal of this action was procedurally improper under the forum defendant rule. See Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006) ("Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, [28 U.S.C.] § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."

[The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.")

Second, the jurisdictional allegation regarding defendant Hilltop Transport, LLC is deficient because the notice of removal merely states that it is "an Arizona corporation."[3] This allegation is insufficient as a matter of law because a limited liability company is not treated as a corporation for purposes of determining whether diversity exists for purposes of § 1332. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.") What is thus required in the notice of removal are affirmative allegations specifically identifying each member of the limited liability company and specifically setting forth each member's citizenship.

In order to cure these pleading deficiencies, the Court will require the defendants to file an amended notice of removal that affirmatively states the citizenship of each party. The defendants are advised that their failure to timely comply with this order shall result in the remand of this action without further notice for lack of subject matter jurisdiction. Therefore,

IT IS ORDERED that the defendants shall file an amended notice of

---

[3] Even if Hilltop Transport was in fact a corporation, the jurisdictional allegation would still be deficient. Since a corporate party is a citizen of the state in which it is incorporated and of the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1), "an allegation that a corporation is a citizen of a certain state (without more) is not an allegation of fact, but a mere conclusion of law" that is inadequate to establish diversity jurisdiction. Fifty Associates v. Prudential Insurance Co. of America, 446 F.2d 1187, 1190 (9th Cir. 1970).

1 | removal properly stating a jurisdictional basis for this action no later than **May 12,**
2 | **2008.**
3 | DATED this 28th day of April, 2008.

Paul G. Rosenblatt
United States District Judge